IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DAVID DIXON,[1] | § |
| | § No. 68, 2022 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN14-02087 |
| EVERLY FIELDS, | § Petition No. 21-15364 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: July 22, 2022
Decided: September 16, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

# **O R D E R**

(1)     After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated February 3, 2022.  The appellee ("Mother") filed a petition in the Family Court seeking to modify the appellant's ("Father") visitation with the parties' child, which had been established in an order dated September 30, 2019, after a full hearing on the merits, and continued in an order dated February 23, 2021, after a hearing on a petition to modify custody filed by Father.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)    As an initial matter, with the exception of some interim provisions that were designed to facilitate the restoration of Father's contact with the child—and which have now expired—it appears that the effect of the order that is the subject of this appeal was to deny Mother's petition to modify Father's visitation and continue the preexisting custody and visitation order.  Therefore, it is not apparent what relief Father would achieve from success in this appeal.  Moreover, the fact that Father disagrees with the Family Court's factual determinations is not a basis for reversal. Factual findings will not be disturbed on appeal unless they are clearly erroneous.[2] To the extent that the Family Court's determination of facts turned on the credibility of the witnesses at the hearing, we will not substitute our opinion for that of the Family Court.[3]  Finally, it appears that Father seeks to relitigate matters previously presented to the Family Court by obtaining discovery or submitting additional evidence.  After ample notice to the parties, the Family Court held an evidentiary hearing at which Father appeared and had a full and fair opportunity to litigate the issues raised by Mother's petition; he therefore has not established a basis for the relief he seeks.

---

[2] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).
[3] *Id.*

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

*/s/ Gary T. Traynor*
Justice